**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                                            *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAYSEAN POULSON,** | : | **Civil Action No.** |
| **2007 S 60th Street** | : | |
| **Philadelphia, PA 19142** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **B2B GREEN CLEAN,** | : | |
| **520A Abbott Drive** | : | |
| **Broomall, PA 19008** | : | |
| **Defendant.** | : | |

## CIVIL ACTION

Plaintiff, Daysean Poulson (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against B2B Green Clean (hereinafter "Defendant"), for violations of the Americans with Disabilities Act of 1990, as amended ("ADA") and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address who lived in the Commonwealth of Pennsylvania during his employment with Defendant.

3. Upon information and belief, Defendant B2B Green Clean is an eco-friendly cleaning

company with a location and corporate headquarters at 520A Abbott Drive, Broomall, PA 19008.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under the ADA and the PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), digitally signed on August 15, 2023, alleging disability and discrimination and retaliation against Defendant.

14. The Charge was assigned a Charge Number 530-2026-04958 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") via request relative to the Charge and that Notice is dated March 26, 2026.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter, as it relates to his federal law claims, and more than one year after filing his charge of discrimination, but within two (2) years of the issuance of the Right to Sue in this matter as it relates to his PHRA claims.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

3

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. On August 8, 2022, Defendant hired Plaintiff in the position of Cleaning Technician.

21. Plaintiff was well qualified for his position and performed well.

22. On March 17, 2023, Plaintiff was involved in an automobile accident in which he sustained injuries that rendered him disabled.

23. As a result of Plaintiff's injuries, he was required to attend physical therapy, doctor's appointments and medical tests.

24. Plaintiff informed Defendant of his injuries and his appointments when he had to call off of work in order to attend them.

25. Defendant had no issues with Plaintiff taking days off in order to attend his medical appointments.

26. On or about July 10, 2023, Plaintiff called out of work in order to attend his MRI appointment.

27. Plaintiff was then diagnosed with a sprained rotator cuff.

28. A sprained rotator cuff is a serious medical condition that is considered a disability under the Americans with Disabilities Act of 1990, as amended ("ADA") and the Pennsylvania Human Relations Act ("PHRA").

29. The major life activities affected by a sprained rotator cuff, include, but are not limited to, performing manual tasks and lifting.

30. Plaintiff proceeded to inform Gina Last Name Unknown ("LNU"), Supervisor, of his diagnosis and that he was able to work without any medical restrictions.

31. However, after his shift on July 13, 2023, Carla Schiavo, Owner, informed Plaintiff that he could not return to work until he provided a medical note clearing him to return to work.

32. Schiavo stated the reason for this was due to Defendant's insurance providing this instruction.

33. On July 16, 2023, Gina sent Plaintiff a text message that he was terminated due to being late to work and for six (6) unexcused absences.

34. Plaintiff had never received a discipline or warning for being late or for his absences prior to his termination.

35. In addition, the six (6) unexcused absences were in reference to his absences regarding his medical treatment for his disability.

36. Defendant discriminated against Plaintiff due to his disability and retaliated against him for requesting the reasonable accommodation of taking days off in order to attend medical appointments in violation of the ADA and the PHRA.

37. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

## COUNT I – DISABILITY DISCRIMINATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

38. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

39. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

5

40. Plaintiff was qualified to perform the job.

41. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

42. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

43. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

44. Plaintiff's disability motivated Defendant's decision to take adverse actions against Plaintiff.

45. The purported reason for Defendant's decision is pretextual.

46. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

47. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

48. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

49. Defendant's conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – DISABILITY DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

50. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

51. Plaintiff is a "qualified individual with a disability" as that term is defined under the

6

PHRA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

52. Plaintiff was qualified to perform the job.

53. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

54. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

55. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

56. Plaintiff's disability motivated Defendant's decision to terminate Plaintiff.

57. The purported reason for Defendant's decision is pretextual.

58. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

59. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

60. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – RETALIATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

61. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

62. Plaintiff engaged in activity protected by the ADA.

63. Plaintiff requested a reasonable accommodation in the form of being able to take days off in order to attend medical appointments due to his disability to Defendant.

64. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

65. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT IV – RETALIATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

66. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

67. Plaintiff engaged in activity protected by the PHRA.

68. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

69. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**PRAYER FOR RELIEF**

8

**WHEREFORE**, Plaintiff, Daysean Poulson, requests that the Court grant him the following relief against Defendant:

(a)    Compensatory damages;

(b)    Punitive damages;

(c)    Liquidated damages;

(d)    Emotional pain and suffering;

(e)    Reasonable attorneys' fees;

(f)    Recoverable costs;

(g)    Pre and post judgment interest;

(h)    An allowance to compensate for negative tax consequences;

(i)    A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA and the PHRA.

(j)    Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)    Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)    Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## <u>JURY TRIAL DEMAND</u>

Demand is hereby made for a trial by jury as to all issues.

## <u>CERTIFICATION</u>

9

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: June 24, 2026                    By:  */s/David M. Koller*
                                        David M. Koller, Esquire
                                        Jordan D. Santo, Esquire
                                        2043 Locust Street, Suite 1B
                                        Philadelphia, PA 19103
                                        215-545-8917
                                        davidk@kollerlawfirm.com
                                        jordans@kollerlawfirm.com

                                        *Counsel for Plaintiff*